**STATE of Delaware, Plaintiff,**

v.

**Richard W. LYNCH, Jr., Defendant.**

Superior Court of Delaware,
Kent County.

Submitted: Sept. 9, 1988.
Decided: Nov. 29, 1988.

Ferris W. Wharton, Deputy Atty. Gen., Wilmington, for the State of Del.

Stephen B. Potter, of Potter, Carmine & Hodas, Wilmington, for defendant.

OPINION

RIDGELY, Judge.

Defendant Richard W. Lynch, Jr. is charged with four counts of Murder in the First Degree, 11 *Del.C.* § 636(a)(1) and (6); Conspiracy in the First Degree, 11 *Del.C.* § 513; Possession of a Deadly Weapon During the Commission of a Felony, 11 *Del.C.* § 1447; Burglary in the First Degree, 11 *Del.C.* § 826; and Unlawful Imprisonment in the First Degree, 11 *Del.C.* § 782. These charges arise from the alleged killing of Joseph R. and Beverly W. Gibson and the abduction of their infant child on Christmas Eve of 1987. The State is seeking the death penalty.

After responding to defense counsel's request for discovery of written reports of physical or mental examinations of the defendant, the State has moved for an order compelling the defense to produce in full the written report of a psychological evaluation of the defendant by Gerald Cooke, Ph.D. Defense counsel has voluntarily provided the State with the conclusions of Dr. Cooke, but opposes further discovery upon the ground that the State has not met its burden under Superior Court Criminal Rule 16(c)[1] and upon the further ground that the defendant's statements within the report are protected by the Fifth Amendment of the United States Constitution[2] and Article I, § 7 of the Delaware Constitution.[3]

I have examined the full report of Dr. Cooke *in camera.* It consists of six and one-half pages and includes a clinical interview and a history from the defendant covering the period from his childhood through his arrest for murder in the first degree. The copy of the report provided to the Court for *in camera* inspection shall be sealed and included within the record by the Prothonotary subject to further order of this Court or the Supreme Court in the event of an appeal.

I. *The Attorney General's Burden Under Criminal Rule 16(c)*

■ Discovery by the prosecution is permitted in limited circumstances pursuant to Superior Court Criminal Rule 16(c). The State may not request discovery from the defendant unless the defense has requested materials designated in Rule 16(a)(2).[4] Even when a defendant has made such a request, the Attorney General must nonetheless show in support of his own discovery request that there is "good cause therefor, that the items sought are material, that the imposition of any such condition is reasonable, and that the best interests of justice will be served thereby." Rule 16(c), *supra.*

Results of physical or mental examinations of a defendant by a physician or psychologist often require detailed study, and they can be subject to different interpretations depending upon assumptions of fact and methodology. Discovery of an

1. Superior Court Criminal Rule 16(c) provides: **Discovery by the State.** If a defendant requests materials designated in subsection (a)(2) of this Rule, the State may request the defendant to permit the State to inspect, copy or photograph any written reports designated under subdivision (a)(2) of this Rule which may be within the defendant's possession, custody or control. Provided, however, with respect to any such condition imposed upon the defendant, the Court must be satisfied that the Attorney General has shown good cause therefor, that the items sought are material, that the imposition of any such condition is reasonable, and that the best interests of justice will be served thereby.

2. The Fifth Amendment to the U.S. Constitution provides in pertinent part:
   No person ... shall be compelled in any criminal case to be a witness against himself ..."

3. Article I, § 7 of the Delaware Constitution provides in pertinent part:
   In all criminal prosecutions, the accused ... shall not be compelled to give evidence against himself ..."

4. The materials designated in Superior Court Criminal Rule 16(a)(2) are:
   [W]ritten reports of autopsies, ballistics tests, fingerprint analyses, handwriting analyses, blood, urine and breath tests, and written reports of physical or mental examination of the defendant or the alleged victim by a physician, dentist or psychologist made in connection with the particular case, or copies thereof, which are known by the Attorney General to be within the possession, custody or control of the State....

expert's written report will prevent surprise, enable the State to prepare appropriately for cross-examination and rebuttal, and avoid unnecessary mid-trial delays or continuances. However, these considerations do not come into play if an expert's report is not offered into evidence by the defense or if the expert does not testify for the defense on the substance of his written report.

I note that the revised Federal Rules of Criminal Procedure restrict discovery by the government of results or reports of physical or mental examinations to those "which the defendant intends to introduce as evidence in chief at the trial or which were prepared by a witness whom the defendant intends to call at the trial when the results or reports relate to that witness' testimony." F.R.Cr.P. Rule 16(b)(1)(B).

I am satisfied from the record before me that good cause for the compelled production of Dr. Cooke's report does not exist here unless the defense intends to introduce the report or the defense intends to call Dr. Cooke and the report relates to his testimony at either the guilt/innocence phase or any penalty hearing, if one is necessary. In such event, the report will be material, and discovery by the State will be both reasonable and in the best interests of the orderly administration of justice. Because good cause for production of the report will be triggered by the defendant's intent to use it, notice of such intention shall be given by the defense at least 30 days prior to trial.[5] *Compare* Superior Court Criminal Rule 12.1 (notice of intent to rely upon defense of insanity must be given at least 30 days prior to trial).

## II. *The Privilege–Against–Self–Incrimination Issue*

■ Defendant also objects to production of the written report on the basis of the Fifth Amendment to the United States Constitution and Article I, § 7 of the Delaware Constitution. The parameters of a valid constitutional objection need not be decided today because it is clear that the

conditions I have imposed upon discovery by the State in this case pass constitutional muster. In *Williams v. Florida,* 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970), the Supreme Court upheld a statute which required a defendant to give notice of alibi and his alibi witnesses. Consistent with due-process requirements, reciprocal discovery against the State was available to the defendant in that case, as it is here. *Wardius v. Oregon,* 412 U.S. 470, 93 S.Ct. 2208, 37 L.Ed.2d 82 (1973). The Court in *Williams* rejected a challenge based on the Fifth Amendment by stating:

At most, the rule only compelled petitioner to accelerate the timing of his disclosure, forcing him to divulge at an earlier date information that the petitioner planned from the beginning to divulge at trial. Nothing in the Fifth Amendment privilege entitles a defendant as a matter of constitutional right to await the end of the State's case before announcing the nature of his defense, any more than it entitles him to await the jury's verdict on the State's case-in-chief before deciding whether or not to take the stand himself.

*Supra* at 85, 90 S.Ct. at 1898.

In this case, the defendant will have to divulge the report only after he has decided to rely upon Dr. Cooke's psychological evaluation at either the guilt/innocence phase or any penalty hearing, if one is necessary. A reasonable procedure which accelerates the timing of this disclosure violates neither the Fifth Amendment to the United State Constitution nor Article I, § 7 of the Delaware Constitution. Wright, *Federal Practice and Procedure: Criminal* 2d § 256; *Williams v. Florida, supra.*

## III. *Conclusion*

Accordingly, the State's motion to compel discovery is conditionally granted. At least 30 days prior to trial, defense counsel shall notify the State if the defense intends to introduce Dr. Cooke's report or if the defense intends to call him as a witness and the report relates to his testimony at

---

5. Defense counsel has acknowledged at an office conference held September 9, 1988 that by

that time it will be apparent whether he will use Dr. Cooke's report or his testimony.

either the guilt/innocence phase or any penalty hearing, if one is necessary. Upon the giving of affirmative notice of such intent, defense counsel shall disclose Dr. Cooke's full report of psychological evaluation to the State. Information obtained by the State as a result of this disclosure shall not be admissible in evidence at trial except to refute the matter disclosed.

IT IS SO ORDERED.